IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SHIRLEY PEARSON ARCHER,           *
                                  *
        Plaintiff,                *
                                  *
        v.                        *        CV 121-050
                                  *
LEON GLENN PEARSON, et al.,       *
                                  *
        Defendants.               *
                                  *
                        ──────────────

                         O R D E R
                        ─────────────

        Presently before the Court is Defendant Stanley E. Johnson's
motion to dismiss (Doc. 13) and Defendant Western-Southern Life
Assurance Company's ("W-S")[1] motion to dismiss (Doc. 14).

        On March 10, 2021, Plaintiff, proceeding *pro se*, initiated
the present action against Defendants for "inheritance theft,"
among other claims.  (See Doc. 1.)  On March 22, 2021, Plaintiff
filed an Amended Complaint ("Complaint") to correct a filing
deficiency.  (Doc. 5.)  On July 1, 2021, Defendant Stanley E.
Johnson moved to dismiss Plaintiff's Complaint pursuant to Federal
Rule of Civil Procedure 12(b)(1) and (6).  (Doc. 13.)  On July 2,
2021, Defendant W-S moved to dismiss Plaintiff's Complaint
pursuant to Rule 12(b)(1) and, in the alternative, transfer this
action pursuant to the "first-filed" rule.  (Doc. 14.)

───────────────

[1] Defendant W-S asserts Plaintiff incorrectly refers to W-S as "Western &
Southern Insurance Company" in her Complaint.  (See Doc. 14, at 1 n.1.)

"Federal courts are courts of limited jurisdiction and are required to inquire into their [subject matter] jurisdiction at the earliest possible point in the proceeding." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001) (citation omitted). Indeed,

> A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking[.] The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence[.] Thus, the party invoking the federal court's jurisdiction bears the burden of proof[.]

Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) (quoting Basso v. Utah Power and Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). Moreover, subject matter jurisdiction cannot be waived. See id.

Plaintiff asserts in her Complaint that the Court has subject matter jurisdiction over this action pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. (Doc. 5, at 4.) Pursuant to the statute, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. The Parties do not dispute that the amount-in-

controversy requirement is satisfied.  However, Defendants allege the Parties are not diverse.

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994) (citation omitted).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." (internal quotations, citations, alterations, and footnotes omitted)).  Moreover, "diversity jurisdiction is measured at the time the action is filed." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) (citing Grupo Dataflux v. Atlas Glob. Grp., LP, 541 U.S. 567, 571 (2004)).

Plaintiff did not clearly plead each Defendants' citizenship. (See Doc. 5, at 4-5.)  Rather, Plaintiff lists each Defendants' address, which is presumably their domicile, and specifically pleads the citizenship of two Defendants (Leon Glenn Pearson and Talbot County, Georgia). (Id. at 2-5.)  In response to Defendants'

3

motions to dismiss, Plaintiff argues diversity jurisdiction is proper because "two Defendants . . . [are] in [t]he State of Georgia, Gloria Prescott of Douglasville Georgia, and Talbot County of Talbotton Georgia." (Doc. 16, at 1-2.) Additionally, she asserts Defendants "Stanley E. Johnson Jr. and [W-S] both are of a different State[] than [t]he Plaintiff." (Doc. 17, at 2.) Plaintiff also resides in Georgia. (See Doc. 5, at 1.) Therefore, it appears Plaintiff admits complete diversity is lacking but misunderstands its application. Moreover, the Court cannot locate an alternative jurisdictional basis upon which Plaintiff may rely in bringing suit. Accordingly, the Court must dismiss this action for lack of subject matter jurisdiction.[2] See Fitzgerald, 760 F.2d at 1251.

For the foregoing reasons, Defendants' motions (Docs. 13, 14) are **GRANTED** and Plaintiff's claims are hereby **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 27ᵗʰ day of July, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court does not reach Defendants' remaining arguments for dismissal.